May it please the court, my name is Kimberly Albrow and I'm here on behalf of the appellant Dean Walker. The issue raised in Mr. Walker's brief relates to an Ohio drug offense which was counted against him as an enhancement. The district court held that it met the definition of a drug trafficking offense under guideline 2L1.2. I think the main issue with what the specific intent to distribute is required for an offense to qualify as a drug trafficking offense. The district court's holding results in Mr. Walker getting an enhancement based on the specific intent of a third party. And he could have had under this particular statute a lesser intent. For example, this court and other courts have held that transportation might not meet the definition of a drug trafficking offense. But transporting is part of this Ohio statute. So therefore, if someone is transporting drugs, say hidden in an ambulance or an 18-wheeler that's used for commercial purposes, they are certainly going to have some knowledge that these drugs will likely be distributed somewhere. So someone somewhere has to have the intent to distribute these drugs. However, the transporter himself doesn't have to have any kind of specific intent but can be convicted under a lesser state of mind. I mean, the transporter's purpose could be just to make money. He doesn't have to have the specific intent to distribute these specific drugs. Also, the court has established that the categorical approach applies. I'm sorry. Make sure I'm following you. You posit a person who, like a mule. Is that what you're positing? A drug mule? It could be a drug mule. Anyone who's transporting, which is part of what this Ohio statute criminalizes. Which he knows, etc., etc., is intended for sale or resale. He knows or has cause to believe that it would be intended for sale or resale himself or by a third party. And I think it's the part where it's the third party intends it for resale puts the specific intent on the third party rather on the person who's actually transporting because this knowledge. I'm sorry. You make that argument as a matter of statutory interpretation of the Ohio statute. Correct. And in the brief, I supported it with the guide, the jury instructions in Ohio make a distinction between knowledge and intent as required by this specific statute. For example, a U.S. Gypsum case shows that there are all different kinds of levels which meet the definition of intent. But the reason that case doesn't apply is because they were trying to figure out in an antitrust law which level of intent applied. The government also cited to the U.S. versus Bailey case which recognized that in certain cases such as homicide or attempt or conspiracy that heightened culpability is required. And because this court uses the categorical approach and as such they look at how the state defines its crime. In this case, Ohio has specifically through its jury instructions and the way it wrote the statute made a distinction between the knowledge that's required that there's this general knowledge that the person who violates this Ohio statute knows that someone else intends to distribute and the actual intent to distribute, which can. Let's back up and look at what the categorical approach is in terms of the Ohio statute here and the definition of a drug offense under the guidelines. Guidelines you agree or do you? There's two prongs to it. There's a first prong and there's a second prong. And in the second prong, does it not appear that intent seems to be pretty clear part of the second prong? It's the first prong. The question within the guidelines is the first prong requires specific intent. My understanding of it, and I think we're talking about the same thing, drug trafficking, drug. Make sure we are. Okay. Drug trafficking offense as defined under the guidelines means, I believe both prongs are required, that the defendant knowingly possesses. There's an or between. There's an or. Or, first, there's an offense that the defendant is to manufacture. Or, that's where you get to the second prong. That's not how you read it though, is it? You read the with intent part to apply to every act in the definition of drug trafficking. That's correct. That's what I want to get at. Make sure we identify where this, I assume the other side may disagree with your connection, but as to how do we read this statute? Well, there is a... Then we get to determine, does it categorically fit? Right, because there are two separate prongs. One is there's the actual distribution or some other activity that would meet the definition of distribution. When you're talking about the with the intent, it's usually the possession with intent, and then that's where you have to have the specific intent. There was a case that I found, I've addressed it in the opening brief, and then in the reply brief, I discussed the specific intent requirement, because the government has argued that this court can infer intent, which I disagree with. But there's a 10th Circuit 2016 case, Dominguez-Rodriguez 817F3D1190, that outlines, it was a comparison of 21 UFC 841, and whether it met the definition of drug trafficking offense. Believe it or not, there are not a lot of cases out there determining the elements of drug trafficking offense, which the categorical approach requires to compare the drug trafficking offense elements to the elements of the actual offense being used for the enhancement. But this Dominguez-Rodriguez case says that the possession with intent to distribute, that portion of the guideline requires that the defendant knowingly possessed the drug, and had the specific intent to distribute it. Unfortunately, I want to make sure you and I at least agree, and I know it just attracts his don't, but I want to make sure I'm clear on it. You don't agree that the guideline describes essentially two prongs of the defense. One, where you could have the possession without the mens rea and without specific intent. The second part, which clearly has the word intent in it, that that describes an offense in which specific intent is required. In other words, unlike the first prong, the second prong requires specific intent, but the first prong does not. Agree or disagree? Agree. So, if you have a first prong type crime, then categorically this Ohio crime would fit within it, because it doesn't have the, even if it doesn't have specific intent, it doesn't require specific intent. Well, I think it would, I think the reason that it can't fit the first prong is because it doesn't have to be the actual offender who distributes the drugs. There can be a third party who distributes the drug, and the offender who's been convicted can transport the drugs, which wouldn't meet the definition of distribution. I'm getting confused. No, maybe you can help me. No, no, go ahead. I'd rather listen to yours. I thought you, I'm looking at the definition of drug traffic offense in the guidelines. I'm going to grab it if you don't mind. No, that's a good idea. All right, now the last line says, with intent to manufacture and port, et cetera, et cetera. My understanding was your position is that intent that's required in the last line applies to every act specified in the guideline, which would be, so that would mean that intent would be required for manufacture, import, export, distribution, or dispensing. That is correct, because the or starts with the possession of the drug. Okay. But I'm not sure that's what you told. Did I mess up? Anyway, I think you and I are clear. Okay. Well, now let's see if I can better explain it now that I have that right in front of me. There's actual manufacturing, importing, exporting, distribution, and dispensing. The Ohio drug statute may actually cover that, but it doesn't only cover that, and because it's not divisible, at least this version of it is not divisible, it also includes the transportation might be mere possession of a controlled substance in which there is an intent to manufacture, import, export, or distribute. And the specific intent clearly applies to the second prong of that with the possession with intent to manufacture, import, export, or distribute. I think the statute can cover both prongs of this, but where it doesn't meet the definition of a drug trafficking offense is the specific intent that's required because of the third party. You read those prongs to be conjunctive, not disjunctive. No, I read them to be disjunctive. Maybe that's where I'm getting confused. I'll work through it and maybe we can test the tracks again. It seems to me the Ohio Code prohibits the only access to distribution of controlled substances. As you look at the first prong of this, that does not require Israel in terms of the guidelines. I don't read the Ohio statute as only requiring distribution because I think that because of the transportation and other prongs, there could be possession with intent to manufacture, import, export, distribute, or distribute. We'll get clarification. We won't have to go back and forth with these cases to do this. We've been taught this quite a bit. Modified categorical is really confusing. It does not need to be like this. That is exactly what I was thinking. I can't believe we are relegated to parsing this language. Well, I apologize if I've made it more confusing. Evidently, you have not been able to find an Ohio case that fits within your construct of the statute. No, I did not. I relied on the jury instructions that separated the mens rea because the argument more deals with, in my mind, whether the intent is there or not. I mean, there's also the part where there's the transporting, which in Mariquan brand, this court has suggested that transporting would not be a drug trafficking offense. So there's that part of it, but largely the argument relates to the specific intent that's required. Why isn't transporting distribution? Because I think it could be just the mere possession without having a specific intent that it be distributed. Like I said, it could be that the person is trying to make some money. They know the drugs are back there. They have some general knowledge. The only transportation, in my mind, that's not distribution, is someone who just purchased the drugs for his or her own personal use, right? Well, if that's your view, then you would – And that would be simple possession. You could call it transporting, but you're just transporting it from the drug dealer's corner to your home. Right, and I'm just relying on the Mariquan brand case in this circuit, and there's the Fifth Circuit case that I cited in the brief where they also held that transporting does not meet the definition of drug trafficking. Maybe because the specific intent is lacking, and it would fall into that second prong, the possession with intent to distribute. But that's why – that is one of the arguments that is in the briefs. And as I mentioned, the government does argue for inferring intent, and that is exactly what the cases that the district court relied on and that the government relies on did. They inferred intent, and that was in the Fifth Circuit case of Fuentes, Orovitas, and the Eleventh Circuit case of Walker. But again, this court – it was a district court case. Ponce Rodriguez rejected that you can infer intent, and they relied on the Mariquan brand case for that proposition. But I don't think that the specific intent can be inferred. So in other words, under this Ohio statute, if someone was transporting drugs or packaging drugs, and they knew that there were so many drugs that someone was probably going to distribute them and not use them for personal use, the only person that has to have the specific intent, if it's not the defendant actually doing the distributing, would be the third party. But that is distribution. But that is what the – that's what the corral may sell. Transporting drugs to someone you know is going to give them away or sell them is the distribution of the drugs. You can be charged under the statute with transporting the drugs with the intent, blah, blah, blah, but that's a distribution of drugs. Well, just – well, that is what – that's what the Coram case held. I'm sorry. That's what the Coram case held, and that's what – I believe there's another case out there that holds that just the actual giving of the drugs is distribution. Giving of the drugs with the knowledge. But that's just with the knowledge. That's still not with the specific intent. But how about packaging the drugs? The person may sit in some room, package up the drugs, know that they're going to go out into the world and knows that there are so many – That's the intent to distribute drugs. I guess we're just parroting each other's perspective back and forth. I see my time is up unless you have further questions. You have some time remaining. Let's hear from Mr. Day. Thank you. Thank you, John. I'm Bill Day representing the United States. Justice Davis hit it right on the head. I've been promoted. I'm sorry. I'm still just a judge. I apologize. Judge Davis hit it on the head. And just as the four circuits that have addressed this issue did and Judge Curry found, when you add the with knowledge or reasonable knowledge to know that the drug is intended to be sold, it's distribution. The appellant suggested that those circuits ignored the intent issue. But that, I submit, is not the case. In the Karam case, they start out by saying distribution is the intent to distribute a drug. They recognize that. Then they go on to find, in this case, under this statute, that that is distribution. And that's when they say they don't need to get into – argument as far as the intent. But having found that this is its actual distribution, they have decided that it's been found. Judge Curry even went so far as to contact the Ohio Probation Office and learned that in every case where this Ohio statute has been violated, a guidelines enhancement for drug distribution or a controlled substance offense has been applied. And it's been applied that way in the Sixth Circuit, has found that it's a controlled substance offense. How do you respond to appellants' reliance on the jury instruction, the model jury instruction? Well, I think, as Karam said, all you need to do is look at the statute. And under the categorical approach, which your honors are much more familiar with than me, that's what you do. You look to the statute to determine that. And all of the circuits and Judge Curry did that and determined that this is a controlled substance statute. I think part of what is supposed to be done is trying to make sure that you're not getting into a case where someone may be charged with a possession-type case, which is where those transportation cases come in that you all were talking about. Those are like the California cases. So your answer seems to be if you look at the statute and you interpret the statute consistent with the guideline, you don't go forging around jury instructions, which, so far as anybody can tell, have never been given in a case because there is no case. Yes, sir. That is my answer. Yes, your honor, that is my answer. I mean, you've got the answer there by interpreting, reading the statute, and every court that has done that has concluded that it's a controlled substance, creates a controlled substance enhancement under the guidelines. And the cases that follow that all do the same thing. In every circuit, the Fifth Circuit, Perrantes, inciting Karam, and they note that the statute explicitly included a mens re requirement concerning distribution. In the Walker case, the 11th Circuit, noted that it was proper to infer intent to distribute by looking at the statute in its entirety, and the Sixth Circuit had Robinson, which held that the statute included an element of manufacturing import distribution for the intent to do those things. In the Wright case, it said the conduct in the statute amounted to possession of a controlled substance with intent to distribute. And, of course, Judge Curry looked at all of those and also found the same that each of the acts listed with that knowledge constituted an act of distribution as a controlled substance offense. So they differ from the transportation cases, don't include any knowledge requirements. So someone driving in, the California case, someone driving into California with a bag of marijuana, a small bag of marijuana in their pocket, could be charged with transportation. So that's the problem with that statute as opposed to the statute we have here, which I think reading the statute makes, you can clearly see that it's designed to address controlled substance offenses, drug trafficking offenses. If the court doesn't have any other questions, that's all I have. Thank you, Mr. Day. Thank you. Ms. Alvaro, you have some time remaining. Thank you. I would just reiterate that if the court is considering whether or not it's explicit that specific intent is required by this Ohio statute or that it must be inferred, as I indicated, this court doesn't infer intent and it is a heightened state of intent, a specific intent, and I think that's why it's important that it be addressed because these cases, Karam and the Fuentes-Ovidas and the Walker cases, they decided to infer intent. Karam specifically said it wouldn't address the intent issue, and I think specific intent is a heightened state. The Ohio jury instructions, which are codified, they have their own citation, they have thought it important enough to separate the difference between knowledge in this particular statute and intent, and I do believe that a person can be convicted under this statute for a crime where a third party has specific intent but the person convicted does not. That's all I have unless you have further questions. Thank you. Thank you very much. Do you want to keep going? Yes. All right, we'll come down and greet counsel and then go into our next case.
judges: William B. Traxler, Jr., James A. Wynn, Jr., Andre M. Davis